# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK RENE RODRIGUEZ, also known as Patrick Rene Rodrigez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-185-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Patrick Rene Rodriguez appeals his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine for which he was sentenced to 240 months of imprisonment and 10 years of supervised release. He contends that his guilty plea was not knowing and voluntary because the district court violated Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50209

Procedure 11(b)(1)(G) and (I) by failing to properly advise him of the mandatory minimum sentence.

Rodriguez raised no Rule 11 error in the district court. Accordingly, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). The district court is required to ensure the defendant understands the nature of the charge to which he is pleading and any mandatory minimum penalty. FED. R. CRIM. P. 11(b)(1)(G), (I). Rodriguez was sentenced to the mandatory minimum sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(A). The district court correctly and consistently advised Rodriguez that he faced a 20-year mandatory minimum sentence. The record does not support Rodriguez's arguments that he was misled by the alternative minimum sentences set forth in the enhancement information and plea agreement or the Government's promise to pursue only one prior felony drug conviction for statutory enhancement purposes. Even if Rodriguez could demonstrate plain error, he cannot show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 950 (2014).

The judgment of the district court is AFFIRMED.